T.C. Memo. 1997-351

UNITED STATES TAX COURT

OTELIO S. RANDALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19504-95.                          Filed July 30, 1997.

<u>Towner Shields Leeper</u>, <u>John Edward Leeper</u>, and <u>Robert I.</u>
<u>White</u>, for petitioner.

<u>Nancy Graml</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, and additions to, petitioner's Federal income tax:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6654 |
| 1991 | $68,440 | $11,214 | $2,228 |
| 1992 | 53,582 | 6,951 | 1,087 |

---

[1]  All section references are to the Internal Revenue Code in
effect for the years at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

The sole issue remaining for decision is whether petitioner is liable for the addition to tax under section 6651(a)(1) for each of the years at issue. We hold that he is.

FINDINGS OF FACT

Some of the facts were established for purposes of this case pursuant to this Court's Order under Rule 91(f) dated September 18, 1996.[2]

Petitioner, who at all relevant times was a cardiologist employed by Howard University and Howard University Hospital in Washington, D.C., resided in Washington, D.C., at the time the petition was filed.

Sometime during the spring of 1992, petitioner met Richard Paul Todar (Mr. Todar), a certified public accountant, and asked him to prepare his U.S. individual income tax return (return) for 1991. At the time they met, petitioner and Mr. Todar both had a financial interest in a small emergency health clinic (clinic) located in Houston, Texas. With the assistance of Mr. Todar, petitioner requested and was granted an extension of time until August 15, 1992, within which to file his 1991 return.

Sometime after April 15, 1992, petitioner provided some records to Mr. Todar with respect to Mr. Todar's preparation of

---

[2] Facts virtually identical to those deemed established under Rule 91(f) were set forth in a request for admissions filed by respondent on July 9, 1996. Each matter set forth in that request is deemed admitted because petitioner did not file a response thereto. See Rule 90(c).

petitioner's 1991 return. Mr. Todar kept those records at the clinic. Sometime in July 1992, certain of those records were destroyed or otherwise rendered illegible (destroyed records) when the clinic was vandalized (clinic break-in). Mr. Todar immediately notified petitioner of the clinic break-in and advised him to attempt to duplicate the destroyed records. Most of those records consisted of copies of checks, the originals of which petitioner had retained and could copy again for Mr. Todar. The balance of the destroyed records consisted principally of receipts from various contractors (contractor receipts) that had built a commercial kitchen at petitioner's residence for his wife, who was engaged during 1991 and 1992 in certain catering activities. Mr. Todar advised petitioner after the clinic break-in to contact those contractors in order to obtain copies of the contractor receipts that had been destroyed or letters from those contractors concerning their construction work for petitioner's wife. However, petitioner obtained few, if any, of such copies or letters.

Petitioner knew at the time that Mr. Todar notified him of the clinic break-in that he had until August 15, 1992, within which to file his 1991 return. Thereafter, petitioner, with the assistance of Mr. Todar, requested and received a second extension of time until October 15, 1992, within which to file that return.

Shortly after Mr. Todar notified petitioner of the clinic break-in and asked him to attempt to duplicate the destroyed records, petitioner provided Mr. Todar with all of the information that he needed to prepare petitioner's 1991 return, except the contractor receipts and certain other records relating to the catering activities of his wife during 1991.

Petitioner requested and was granted one extension of time until August 15, 1993, within which to file his 1992 return.

Petitioner did not file returns for the taxable years 1991 and 1992 prior to the issuance of the notice of deficiency (notice) on June 30, 1995. On September 28, 1995, and September 29, 1995, respectively, respondent received Forms 1040 (U.S. Individual Income Tax Returns) for taxable years 1991 and 1992 that were signed by petitioner and his wife as the taxpayers and by Mr. Todar as the return preparer.[3]

At least as late as the summer of 1996, petitioner had available original records relating to certain deductions claimed in his 1991 and 1992 returns with respect to his wife's catering activities. Those original records were misplaced by petitioner and/or his wife sometime during and/or after the summer of 1996.

During 1996, petitioner produced copies from originals of American Express and similar monthly statements and receipts that were relevant to his 1991 and 1992 returns.

---

[3] Petitioner's wife is not a petitioner in this case.

Petitioner relied on Mr. Todar to file timely his 1991 and 1992 returns. Prior to the respective due dates of petitioner's 1991 and 1992 returns, petitioner was aware of those due dates and knew that he had a duty to file timely those returns.

Mr. Todar had enough information available to prepare petitioner's 1991 and 1992 returns so that petitioner could timely file those returns. After timely filing his returns for 1991 and 1992, petitioner could have filed amended returns for those years in order to reflect any additional, pertinent information that he was able to obtain regarding his wife's catering activities.

## OPINION

Petitioner has the burden to show that respondent's determinations in the notice with respect to the additions to tax under section 6651(a)(1) are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 6651(a)(1) imposes an addition to tax for failure to file timely a required return "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Consequently, in order to avoid the additions to tax in this case, petitioner must establish that his failure to file timely (1) was due to reasonable cause and (2) did not result from willful neglect. Sec. 6651(a); United States v. Boyle, 469 U.S. 241, 245 (1985).

A failure to file timely is due to reasonable cause for purposes of section 6651 if the taxpayer exercised ordinary business care and prudence and nevertheless was unable to file the return within the prescribed time.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see McMahan v. Commissioner, 114 F.3d 366, 368 (2d Cir. 1997), affg. T.C. Memo. 1995-547.  Willful neglect is defined for purposes of section 6651 as a conscious, intentional failure or reckless indifference.  United States v. Boyle, supra at 245.

As we understand it,[4] petitioner contends that he did not file timely his returns for 1991 and 1992 because he relied on Mr. Todar who advised him not to file those returns until all the information relating to deductions that he could claim with respect to his wife's catering activities was available.  In essence, it is petitioner's position that he should be excused from the additions to tax under section 6651(a)(1) because he was acting on what he believed to be his accountant's advice in not timely filing the returns in question.

Based on our examination of the entire record before us, we find that petitioner did not exercise ordinary business care and prudence in not timely filing his 1991 and 1992 returns.  Prior

---

[4]  Petitioner submitted no trial memorandum in this case as required by the Court's standing pretrial order.  Nor did petitioner submit post-trial briefs as directed by the Court at the conclusion of the trial.  We glean petitioner's position in this case from the testimony of Mr. Todar, the only witness presented at trial by petitioner.

to the respective due dates of those returns, petitioner was aware of those due dates and knew that he had a duty to file timely those returns. The record discloses no valid reason why petitioner, with the assistance of his accountant Mr. Todar, could not have prepared and timely filed his 1991 and 1992 returns on the basis of the information that petitioner had available at the time those returns were due. Thereafter, petitioner could have filed amended returns in order to reflect any additional information that he obtained regarding his wife's catering activities. See Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982); Beck Chemical Equip. Corp. v. Commissioner, 27 T.C. 840, 859-860 (1957).

Indeed, Mr. Todar testified that he could have prepared petitioner's 1991 and 1992 returns on the basis of the information that petitioner provided to him and that those returns could have thereafter been amended in the event that petitioner gave him additional information relating to his wife's catering activities. While Mr. Todar also testified that any such returns would not have been complete, and therefore would not have been accurate, because not all of the information relating to the catering activities of petitioner's wife was available at the time those returns were due,[5] on the present record, we do not

---

[5] Under petitioner's position, as long as a taxpayer did not have all of the information that was needed to prepare a complete, and therefore accurate, return, he or she will never have

(continued...)

find that excuse for petitioner's failure to file timely his 1991 and 1992 returns to be reasonable cause for purposes of section 6651(a)(1).[6]

Based on our review of the entire record in this case, we find that petitioner has not satisfied his burden of proving that his failure to file timely his 1991 and 1992 returns was due to reasonable cause and not due to willful neglect.  See <u>United States v. Boyle</u>, <u>supra</u>; <u>Estate of Vriniotis v. Commissioner</u>, <u>supra</u>.  Accordingly, we find that petitioner is liable for the additions to tax under section 6651(a)(1) for 1991 and 1992.[7]

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered under Rule 155</u>.

---

[5](...continued)
to file a return and yet will not be liable for the addition to tax under sec. 6651(a)(1).  We disagree.

[6]  Moreover, contrary to the suggestion of petitioner, on the instant record, we find that he had adequate time within which to obtain duplicate copies of, or otherwise to reconstruct, contractor receipts relating to his wife's catering activities.

[7]  The amounts of such additions to tax, which must take into account the concessions of the parties on other issues, shall be determined by the parties in the Rule 155 computation.